Travis Eiva, OSB No. 052440
travis@eivalaw.com
Eiva Law
1165 Pearl Street
Eugene, OR 97401
Telephone: (541) 636-7480
Facsimile: (458) 205-8658

Jeffrey Paul Thayer, OSB No. 983592
jthayer@gattilaw.com
The Gatti Law Firm
235 Front Street SE, Suite 200
Salem, OR 97302
Facsimile: (503) 371-2482

of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| MELODY J. SPEAR,<br><br>      Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and/or its/their unknown business entity and/or subsidiary, a foreign business corporation,<br><br>      Defendant. | Case No. 6:22-cv-00113-MK<br><br>MOTION TO CERTIFY QUESTION TO OREGON SUPREME COURT<br><br>ORAL ARGUMENT REQUESTED |

## MOTION

This insurance case involves the statutory interpretation of Oregon Revised Statute 742.504 ("ORS 742.504"), a statute that prohibits the enforceability of any

provision in an uninsured/underinsured motorist (UM/UIM) insurance policy that is "less favorable ***in any respect*** to the insured" than model minimum coverage required by ORS 742.504(1)-(12). The Oregon Supreme Court has interpreted "the primary command of ORS 742.504" to be "that the UM/UIM coverage in every policy must be 'no less favorable ***in any respect*** to the insured or the beneficiary than' coverage under the terms specified in that statute." *Batten v. State Farm Mut. Auto. Ins. Co*., 368 Or. 538, 558–59, 495 P.3d 1222, 1233 (2021) (emphasis added). Consequently, "***[a]ny [policy] provisions that are less favorable to an insured*** than" what is required under the statute "are unenforceable." *Erickson v. Farmers Ins. Co. of Oregon*, 331 Or 681, 685, 21 P3d 90 (2001) (emphasis added).

Defendant issued an insurance policy to plaintiff that excluded UIM coverage in circumstances in which ORS 742.504 required coverage. As a result, the exclusion provided "less favorable" coverage than what was required under ORS 742.504 throughout the lifetime of the policy. An underinsured motorist negligently harmed plaintiff and plaintiff sought UIM benefits under the policy. Defendant insurer invoked the exclusion to deny coverage. Plaintiff cited to *Erickson*, 331 Or 681 (2001) and other cases, and she argued that the overbreadth of the exclusion through the life of the policy rendered it unenforceable "in each instance" and "in any respect" to deny coverage to the insured. *See* ORS 742.504 (requiring that the policy "shall provide [UM/UIM] coverage that ***in each instance*** is no less favorable

*in any respect* to the insured or the beneficiary than if the following provisions were set forth in the policy"). The insurer argued, among other things, that it was enforceable even if it provided less favorable coverage than what was required under ORS 742.504 because the facts of plaintiff's UIM benefits claim do not implicate the overbroad aspect of the exclusion.

The parties' arguments raise important questions regarding the interpretation of an Oregon statute and the policy choices of Oregon insurance law. It is the exact type of question regarding important state interests that may be best answered by the highest court of the state affected by the decision. Consequently, plaintiff respectfully requests that the Court certify[1] the following question to the Oregon Supreme Court to resolve this case:

1. ORS 741.504(1) provides that "Every policy . . . shall provide uninsured motorist coverage that in each instance is no less

---

[1] Under ORS 28.200, the Oregon Supreme Court "may answer questions of law certified to it by ...a Court of Appeals of the United States" if the question may be determinative of the cause then pending in the certifying court and if the question appears to the certifying court to be one for which no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts exists. *See also Western Helicopter Services v. Rogerson Aircraft*, 3 11 Or. 361, 364-65, 811 P.2d 627 (1991) (discussing the statutory criteria).

Pursuant to ORS 28.210, a certification order shall set forth:

(1) The questions of law to be answered; and

(2) A statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose.

Page | 3  MOTION TO CERTIFY QUESTION TO OREGON SUPREME COURT

favorable in any respect to the insured or the beneficiary than if the following provisions [described in this statute] were set forth in the policy." The Oregon Supreme Court has interpreted that statute to mean that "[a]ny [policy] provisions that are less favorable to an insured than those required under ORS 742.504(1) to (12) are unenforceable."). *Erickson v. Farmers Ins. Co. of Oregon*, 331 Or 681, 685, 21 P3d 90 (2001). Given that statutory text and its interpretation by the Oregon Supreme Court, can an exclusion provision in a UIM policy that provided the insured less favorable coverage than what is required under ORS 742.504 during the life of the policy, nonetheless be enforced to exclude coverage when the facts of the claim do not implicate the "less favorable" aspect of the provision?

## ARGUMENT IN SUPPORT OF THE MOTION

### I.   Introduction: The Oregon statute at issue.

ORS 741.504(1) provides that "Every [automobile liability] policy . . . shall provide uninsured[/underinsured] motorist coverage that in each instance is no less favorable *in any respect* to the insured or the beneficiary than if the following provisions were set forth in the policy**.**" (Emphasis added). The Oregon Supreme Court has explained that **"the primary command of ORS 742.504 [is] that the UM/UIM coverage in every policy must be 'no less favorable *in any respect* to the insured or the beneficiary than' coverage under the terms specified in that statute."** *Batten v. State Farm Mut. Auto. Ins. Co*., 368 Or. 538, 558–59, 495 P.3d 1222, 1233 (2021) (emphasis added). And "[a]*ny [policy] provisions that are less favorable to an insured* than" what is required under the statute "are unenforceable." *Erickson*, 331 Or at 685 (emphasis added); *see also Batten*, 368 Or. at 558–59.

## II.  Procedural Posture: The parties' arguments on summary judgment.

The issue has been briefed to this court on cross motions for summary judgment. Plaintiff sought UIM benefits under a policy. The insurer denied coverage under its "furnished for regular use" exclusion. Plaintiff pointed out to this Court that the exclusion was less favorable to the insured than what was allowed under ORS 742.504(2)(d) (the model minimum "furnished for regular use" exclusion), because the policy applied the excluded coverage to "substitute" vehicles of any type or a newly acquired motorcycle, even though ORS 742.504 (2)(d), (2)(m), and (4)(b) required that such vehicles cannot be subject to the exclusion. *See* Dkt. Nos. 14, 17, and 19 (Plaintiff's Motion and Reply for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment); *In accord with* Dkt. No. 14-1 at 3-7 (Opinion in *Cantu v. Progressive*, Multnomah County Case No. 19CV53678 (September 14, 2020) by Retired Oregon Supreme Court Justice Durham, who was in the majority opinions of the cornerstone cases interpreting ORS 742.504 of *Vega v. Farmers Ins. Co. of Oregon*, 323 Or. 291, 293, 918 P.2d 95, 96 (1996), and *Erickson v. Farmers Ins. Co. of Oregon*, 331 Or 681, 685, 21 P3d 90 (2001), identifying that the failure to account for "newly acquired motorcycles" rendered such an exclusion "less favorable" and "unenforceable"). Because the policy provision provided coverage that was less favorable in some respect to the insured during the life of the policy, it was unenforceable thereafter. ORS 742.504(1)(a)

(prohibiting enforcement of a provision that provides "less favorable" coverage "***in any respect***"); (emphasis added); *Batten*, 368 Or. at 558–59 (recognizing the same).

Defendant insurer argued, among other things, that a less favorable exclusion is only unenforceable if the "actual denial of coverage under the facts present in the case [was based on the aspects of the] policy provision[] being found less favorable." Dkt. No. 15 at 8 (Defendant's Reply—Motion for Summary Judgment). In other words, the insurer argued that the exclusion was enforceable even if it provided "less favorable" coverage than what was required under ORS 742.504 during the life of the policy, when the facts of plaintiff's UIM benefits claim did not implicate the overbroad aspect of the exclusion.

### III. Recent Unpublished Ninth Circuit Decision[2]

On May 27, 2022, in the case of *Estes v. State Farm*, Appeal no. 21-35446, District Court No. 3:20-cv-01790-BR (Dkt No. 40-1), a Ninth Circuit panel issued an unpublished memorandum involving the same issue, the enforceability of a "furnished for regular use" exclusion when it similarly excluded coverage for "substitute" vehicles of any kind and "newly acquired" motorcycles. There, it ruled in favor of the defendant insurer. That decision emphasizes why this case is

---

[2] Section III-IV of this motion were also raised in Plaintiff's Reply on her Motion for Summary Judgment. Plaintiff reiterates the same points here to ensure a complete record of the issues pertinent to this motion.

appropriate for a certified question to the Oregon Supreme Court.

The panel did not quarrel with the fact that such an exclusion provided less favorable coverage to an insured during the life of the policy. Instead, it focused on the fact that the aspect of the provision that provided less favorable coverage was not implicated by the facts of the specific claim upon which the insurer invoked the exclusion, because the plaintiff's decedent was not driving a "substitute" vehicle or "newly acquired" motorcycle at the time of his death. So, notwithstanding that the provision provided less favorable coverage in some or "any respect" during the life of the policy, the panel held that it was nonetheless enforceable.

Most problematic with the nonbinding memorandum is that the panel did not engage in any analysis of the statutory text when reaching that conclusion and appears to base its decision on the simple statement that it knew of no "controlling authority that . . . permits a claimant to have an exclusion deemed void where the challenged part of the exclusion does not implicate the facts in th[e] claimant's case."[3]

With due regard to the panel's careful analysis, the existent controlling

---

[3] Under this rule, the policy created is that the insurer suffers no consequence for providing less favorable coverage to the insured during the life of the policy. It is free to enforce a wrongful exclusion in any instance where the lesser coverage aspect is not directly implicated in the benefit claim.

authority for plaintiff's interpretation is the statutory text of ORS 742.504. In Oregon, when determining the meaning of a statute, an interpreting court "must utilize" the framework set out in *PGE v. Bureau of Labor and Industries*, 317 Or. 606, 610-12, 859 P.2d 1143 (1993), *as modified by State v. Gaines*, 346 Or. 160, 171-72, 206 P.3d 1042 (2009); *see also City of Portland v. Bartlett*, 369 Or. 606, 610, 2022 WL 1260316, at *2 (2022) (so affirming). That framework requires that "[w]hen interpreting statutes, 'the paramount goal is to discern the intention of the legislature,' which [a court does] by '***giv[ing] primary weight to the text and context of the disputed statutory terms***,' because 'there is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes.'" *Bartlett*, 369 Or. at 610 (emphasis added) (quoting *Kinzua Resources v. DEQ*, 366 Or. 674, 680, 468 P.3d 410 (2020)). When giving "primary weight" to the text, it is "important" that the interpreting court consider the Oregon Supreme Court's prior construction of the statute. *See, e.g., State v. Cloutier*, 351 Or. 68, 100, 261 P.3d 1234 (2011). In Oregon, that framework of interpretation is applied with liturgical discipline.[4]

---

[4] A review of all published appellate opinions in Oregon in recent decades will show that in every single Oregon appellate case that involves an interpretation of a statute, the interpreting court expressly and strictly evaluates the statutory text through Oregon's framework for interpretation set forth in *PGE*, 317 Or. 606 as modified by *Gaines*, 346 Or. 160, before announcing the meaning, scope, or limits of a statute. This means the court takes the operative terms, parses them, defines them, and reads

The required first step of Oregon's methodology of statutory interpretation is that the court examines the statutory text in context. *Gaines*, 346 Or. at 171-72 (stating methodology and explaining that any legislative history offered by the parties may be considered as context in this step). When reading the text, the interpreting court adheres to the statutory rules of construction defined by the Oregon Legislature, *id*. at 171-72, including Oregon Revised Statute ORS 174.010, which provides:

> In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all.

---

them in context to understand the specific meaning intended. By way of example, every Oregon published opinion in April of 2022 expressly acknowledges that its interpretation of a statute must always begin with such close examination of the text within the above framework and thereafter expressly and openly applies that framework to the operative statutory terms to reach a conclusion. *See Bartlett*, 369 Or. at 610, 2022 WL 1260316, at *2 (2022); *State v. Donaldson*, 319 Or. App. 319, 322, 2022 WL 1234421, at *2 (2022); *Bialostosky v. Cummings*, 319 Or. App. 352, 356, 2022 WL 1234445, at *2 (2022); *D.E. Shaw Renewable Invs., L.L.C. v. Dep't of Revenue*, No. TC 5421, 2022 WL 1210658, at *1 (Or. T.C. Apr. 25, 2022); *State v. Jackson*, 369 Or. 510, 523-24, 508 P.3d 457, 464-65, 2022 WL 1182779 (2022); *Johnson v. SAIF Corp.*, 369 Or. 579, 589, 507 P.3d 1277, 1283, 2022 WL 1183202 (2022); *State v. Moore*, 319 Or. App. 136, 139, 2022 WL 1160674, at *2 (2022); *Matter of B. Y.*, 319 Or. App. 208, 212, 2022 WL 1160686, at *2 (2022); *Nat'l Collegiate Student Loan Tr. 2006-2 v. Gimple*, 318 Or. App. 672, 680, 508 P.3d 561, 565, 2022 WL 1023088 (2022); *Griffin Oak Prop. Invs., LLC v. City of Rockaway Beach*, 318 Or. App. 777, 782, 2022 WL 1022053, at *3 (2022); *State v. Azar*, 318 Or. App. 724, 730, 2022 WL 1022571, at *3 (2022).

Ultimately, the interpreting court must give meaning to the statute in a manner that holds paramount "'the words by which the legislature undertook to give expression to its wishes.'" *Gaines*, 346 Or. at 171 (quoting *State ex rel Cox v. Wilson*, 277 Or. 747, 750, 562 P.2d 172 (1977)). Said in the negative, "[i]f the legislature desires to restrict the scope of coverage that the statute contemplates, it does not lack the linguistic tools necessary to achieve that outcome." *Carrigan v. State Farm*, 326 Or. 97, 103, 949 P2d 705 (1997).[5]

Likewise, the review of the text must also account for the statutory context. In *Carrigan*, 326 Or at 103, the Oregon Supreme Court explained that the statutory context requires that Oregon's insurance code, which includes Chapter 742, must be interpreted in favor of protecting insureds. ORS 731.008 provides:

> The Legislative Assembly declares that the Insurance Code is for the protection of the insurance-buying public.

ORS 731.016 provides:

> The Insurance Code shall be liberally construed . . . to give effect to the policy stated in ORS 731.008[*i.e.*, the protection of the insurance-buying public].

---

[5] The above framework reflects an Oregon Supreme Court and Oregon Legislature policy to guard statutes against judicial policy-making; when interpreting a statute the office of the judge is to do nothing more than give effect to the words chosen and to the extent that doing so creates a circumstance not obviously considered by the legislature, legislative amendment, not judicially imposed limits on the text, is the solution in Oregon.

The supreme court explained that those statutes require an interpreting court to construe insurance statutes liberally in favor of protecting the insurance buying public, that is, in favor of providing coverage, when faced with multiple plausible interpretations. *Carrigan*, 326 Or at 103-05. In other words, the Oregon Legislature and Oregon Supreme Court instruct the interpreting court that if the text is sufficiently ambiguous that it could be reasonably interpreted either way, then the interpretation that provides coverage must be adopted.

Respectfully, the panel in *Estes* did not review the text or context of the statute, give meaning to the specific words chosen, or acknowledge the requirement that it do so, before limiting the application of ORS 742.504 in a way that is neither described by the statutory text nor by a previous decision of an Oregon appellate court. With regard to the text, the statute expressly requires that "***in each instance***" every provision must be "no less favorable ***in any respect*** to the insured," generally, and makes no distinction whether the less favorable coverage must specifically restrict coverage from the claim at hand. ORS 742.504(1)(a). The Oregon Supreme Court in several cases and most recently in *Batten*, 368 Or. at 558–59 has explained that when a UM/UIM provision fails that basic test it is "unenforceable." *See also Erickson*, 331 Or. at 685 ("***Any [policy] provisions that are less favorable to an*** insured than [the model policy provisions] required under ORS 742.504(1) to (12) ***are unenforceable***.")(emphasis added).

Here, the exclusion provision is less favorable *in the respect* that the insured had less coverage than was required during the life of the policy. For example, if the insured, at any time during the life of the policy, purchased a motorcycle on Craigslist, the policy provided no UM/UIM coverage for her drive home from the purchase, even though ORS 742.504 required as much. Coverage that was required was not provided. That is the very definition of a provision that provides coverage that is "less favorable to the insured *in any respect*" than what is required by ORS 742.504. Because it fails the plain terms of that test, it is "unenforceable." *Batten*, 368 Or. at 558–59 (explaining that a provision that is "less favorable in any respect" is "unenforceable").

But the *Estes* panel's interpretation failed to give meaning to and ultimately omitted the broad statutory terms that prohibit enforceability for any insurance provisions that are "less favorable *in any respect* to the insured." *In contravention with* ORS 174.010 (court must "give effect to all" terms in the statute). *FOPPO v. Washington County*, 142 Or. App. 252, 259, 920 P.2d 1141, *rev den* 324 Or. 394 (1996) ("we presume that the legislature did not intend to enact [] meaningless" terms). Instead, the *Estes* panel appears to have read implicit limiting terms not inserted by the Oregon Legislature into the statute and wholesale ignored or omitted the terms "in any respect." The effect of the panel's holding is that a UIM policy provision that is "less favorable in any respect to the insured" is ***nonetheless***

enforceable unless the insured can also show that the provision is "***less favorable with respect to specific facts***" that justify the use of the exclusion for the claim at hand. The Court's limitation on the statute had "no textual basis" and ultimately "require[d] inserting what has been omitted" and omitting what has been inserted, "a path that [must be] avoid[ed] in the construction of statutes" in Oregon. *State v. Rusen*, 369 Or. 677, 701, 2022 WL 1497995, at *12 (2022).

The Oregon Legislature inserted terms that made an exclusion unenforceable if it provides coverage that is "less favorable in ***any respect*** to the insured" and did not insert terms that the provision is only unenforceable when it limits coverage ***with respect to the specific facts*** of the claimant's instant claim. Maybe such a limitation is sound policy,[6] but the Oregon Supreme Court commands that, when such policy is not spelled out in the text of the statute, the interpreting court must not impose it. "If the legislature desires to restrict the scope of coverage that the [insurance] statute contemplates, it does not lack the linguistic tools necessary to achieve that outcome." *Carrigan*, 326 Or at 103.

/ / / / /

---

[6] Under plaintiff's interpretation, when the insurer provides lesser coverage through a provision during the life of the policy, it suffers the consequence that the exclusion cannot be applied in any instance. Which of course, is also reasonable policy, but one that does not conflict with the plain terms of the statute, requires no insertion of limiting text, and also interprets the statute in favor of coverage as the Oregon Supreme Court in *Carrigan* instructed that a court must.

## IV. The panel's unpublished memorandum conflicts with Ninth Circuit caselaw.

The panel's decision conflicts with the Ninth Court's earlier ***published opinion*** in *Smith v. Guideone Mut. Ins. Co.*, 336 F. App'x 607, 609 (9th Cir. 2009). There, the court explained that whether a UIM policy provision is enforceable turns on whether it is less favorable generally and not "based on the particular facts" of the claim at hand:

> To determine if a provision disfavors insureds, *Vega* requires a broad comparison of the general coverage under the model provisions with the challenged policy—***merely examining whether the claimant would recover under each policy based on the particular facts is not determinative***. *See id.* at 302, 918 P.2d at 101. "***Any [policy] provisions that are less favorable to an*** insured than [the model policy provisions] required under ORS 742.504(1) to (12) ***are unenforceable***." *Erickson v. Farmers Ins. Co. of Or.,* 331 Or. 681, 685, 21 P.3d 90, 93 (2001).

*Smith*, 336 F. App'x 607, 609 (9th Cir. 2009) (emphasis added) (explaining that an insurer "may not omit a model provision, add a provision that is ***generally*** less favorable to insureds and thereby unenforceable, and then prevail because had it added the model provision in the first instance the claimant would not be entitled to benefits") (emphasis added). As explained above, the *Estes* panel ruled the opposite. It held that how the provision applies to the particular facts of the claim at hand ***is*** determinative of whether the provision is enforceable. Because of that conflict, the case is appropriate for a certified question to Oregon's highest court.

/ / / / /

V.  **The decision matters for numerous other cases involving this same exclusion.**

Other pending cases at the Oregon district court involve the same issue regarding the same "less favorable" exclusion, including:

- *Bennett Irby v. State Farm*, Case No. 3:22-cv-00773-SI.

- *Richard Burright v. State Farm*, Case No. 3:22-cv-00667-IM

Moreover, this is a standard "less favorable" exclusion used in State Farm policies to unlawfully limit UIM coverage during the life of the policies. Many Oregon insureds will be bringing this very same challenge.

VI.  **Certification is appropriate under *Western Helicopter*.**

It is within the discretion of a District Court to certify a question to the Oregon Supreme Court. *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). In exercising such discretion, this Court consider the factors set forth in *Western Helicopter*, 311 Or. at 364-65. Those five factors are as follows:

(1)  Whether the certification came from a designated court;

(2)  Whether the question is one of law and not fact;

(3)  Whether the law at issue is a question of Oregon law;

(4)  Whether the question may be determinative of the cause; and

(5)  Whether there is no controlling precedent from the Oregon Supreme Court or Oregon Court of Appeals.

### A. Designated Court

The United States District Court is a designated court pursuant to ORS 28.200.

### B. Question of Law

The certified question must be a legal dispute. *Western Helicopter*, 311 Or. at 364; and ORS 28.210. Certification is not appropriate where disputed facts render the legal dispute unclear. *Western Helicopter*, 311 Or. at 364-65 (citation omitted). A question of statutory interpretation is always a question of law in Oregon.

### C. Question of Oregon Law

The question presented must concern Oregon law and not the law of another jurisdiction. *Western Helicopter*, 311 Or. at 365. The question presented in this case is the interpretation of Oregon statue, ORS 742.504, which governs insurance policies in Oregon. The only law at issue is Oregon law, and therefore this factor favors certification.

### D. Determinative of the Cause

The answer to the question presented must have potential to determine at least one claim in the case. *Western Helicopter*, 311 Or. at 365. Both plaintiff's Claim for breach of contract and defendant insurer's Counterclaim for Declaratory Relief both depend on whether this exclusion applies. If the exclusion is enforceable it would completely resolve State Farm's Counterclaim for no coverage and end the case.

It also must be emphasized, that this coverage question has been raised not only in the above listed federal district cases, but it is also arising in numerous UM/UIM claims for benefits that have yet to be filed. Resolution of this question through expedition to the Oregon Supreme Court would limit substantial expenditure of judicial resources on those cases as well.

### E. No Controlling Precedent

The final factor requires the certifying court to engage in an analysis of whether there is any controlling precedent in the Oregon Court of Appeals or Oregon Supreme Court. *Western Helicopter*, 311 Or. at 365. If there is controlling precedent in either appellate court, then certification is not appropriate. *Id.* Although, plaintiff believes that *Erickson*'s and *Smith*'s rule controls that any less favorable provision is not enforceable regardless of the facts of the case controls, the Ninth Circuit in *Estes* explained that there is no "controlling authority" on the matter.

### CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court certify the question stated above to the Oregon Supreme Court.

DATE: June 28, 2022

                                                    EIVA LAW

                                                    */s/ Travis Eiva*
                                                    Travis Eiva, OSB No. 052440