UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

MELODY J. SPEAR,                                    Case No. 6:22-cv-00113-MK
                                                    **OPINION AND**
                    Plaintiff,                      **ORDER**

          vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                    Defendant.
_____

**KASUBHAI,** United States Magistrate Judge:

          Plaintiff Melody J. Spear filed this action in Multnomah County Circuit Court in January

2022. *See* Notice Removal, Ex. B, ECF No. 1-2 ("Compl."). Defendant State Farm Mutual

Automobile Insurance Company ("State Farm") timely removed to this Court that same month. *Id.*

Currently before the Court are the parties' cross-motions for summary judgment and Plaintiff's

motion to certify a question to the Oregon Supreme Court. Def.'s Mot. Summ. J., ECF No. 11 ("Def.'s Mot."); Pl.'s Mot. Partial Summ. J., ECF No. 17 ("Pl.'s Mot."); Pl.'s Mot. Certify Question Oregon Supreme Court, ECF No. 20 ("Certification Mot."). All parties have consented to jurisdiction by a United States Magistrate Judge. *See* ECF No. 31. For the reasons that follow, Plaintiff's motion for summary judgment is GRANTED; Defendant's motion for summary judgment is DENIED; and Plaintiff's motion to certify a question to the Oregon Supreme Court is DENIED as moot.

## BACKGROUND

Plaintiff Melody Spear was injured in a motor vehicle accident in January 2020 by an uninsured motorist. Joint Statement Agreed Facts ¶ 3, ECF No. 10. Plaintiff and David Spear held two motor vehicle liability policies issued by State Farm for a 2009 Honda Pilot and a 2011 Toyota Prius. *Id.* ¶ 2. Plaintiff occupied the 2009 Honda Pilot at the time of the accident. *Id.* Plaintiff sought uninsured motorist ("UM") coverage under both State Farm policies. *Id.* ¶ 3. State Farm paid the policy limit for UM benefits under the 2009 Honda Pilot policy, but denied UM coverage under the 2011 Prius policy. *Id.* ¶ 3.

The 2011 Toyota Prius policy contained the following exclusion, referred to as Exclusion 2.a, applicable to UM coverage:

> THERE IS NO COVERAGE:
> FOR AN ***INSURED*** WHO SUSTAINS BODILY INJURY:
> a. WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY*** OR FURNISHED FOR THE REGULAR USE OF ***YOU*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***[.]

*Id.* ¶ 5 (emphasis in original). The exclusion defines "Your Car" and a "Newly Acquired Car" as follows:

> ***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A car ceases to be a ***newly acquired car*** on the earlier of:
>
> 1.  the effective date and time of a policy, including any binder, issued by us or any other company that describes the ***car*** as an insured vehicle; or
> 2.  the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.
>
> If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired*** car is delivered to you.
>
> \*\*\*
>
> ***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that you no longer own or lease.
>
> If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:
>
> 1.  the end of the 30th calendar day immediately following the date the ***car***
> newly ***owned by you*** is delivered to you;
> 2.  the date this policy is no longer in force; or
> 3.  the date ***you*** no longer own or lease the ***car*** being replaced.

*Id.*, Ex. 2 at 6, ECF No. 10-2 (emphasis in original).

At the time of the accident, Plaintiff was occupying the 2009 Honda Pilot vehicle described on the Declarations page of the State Farm policy and Plaintiff and her husband owned the vehicle for at least 30 days. *Id.* ¶¶ 6–7. State Farm insured the 2009 Honda Pilot at the time of the accident under a separate policy from the policy that covered the 2011 Prius. The 2009 Honda Pilot was not described on the Declarations page of the State Farm car policy issued to cover the 2011 Toyota

Prius. *Id.* ¶ 8. Plaintiff and her husband were each a "named insured" under the State Farm auto policy issued to cover the 2011 Toyota Prius. *Id.* ¶ 8.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

## DISCUSSION

Plaintiff filed suit alleging that State Farm breached its obligation under the motor-vehicle insurance policies to pay UM liability coverage. State Farm denied coverage relying on language from Exclusion 2.a. Specifically, the exclusion purportedly denies coverage to an insured while occupying a car "if it is not your car or a newly acquired car." The parties' dispute center on

whether that exclusion conflicts with the comprehensive model policy found at Or. Rev. Stat. ("ORS") § 742.504, which requires auto insurance polices to "provide uninsured motorist coverage that in each instance is no less favorable in any respect to the insured" than the model policy. Plaintiff asserts that the exclusion is unenforceable because it results in "less favorable coverage" than what is required under ORS § 742.504. State Farm responds that the exclusion is virtually identical to the model policy, and that for a policy to be "less favorable" it must directly implicate the specific facts in a lawsuit. Examining the exclusion in light of the text and context of ORS § 742.504, the Court agrees with Plaintiff.

## I.    **Analytical Framework**

In Oregon, every motor-vehicle liability policy issued by an insurer doing business in the state must provide UM and underinsured motorist ("UIM") coverage no less favorable than the model policy set out at ORS § 742.504. That statute sets out comprehensive standards for UM and UIM motorist coverage under Oregon law. *See Vega v. Farmers Ins. Co. of Or.*, 323 Or. 291, 302 (Or. 1996); *Batten v. State Farm Mut. Auto. Ins. Co.*, 368 Or. 538, 542 (Or. 2021) ("The Legislature has set out in ORS 742.504 'a comprehensive model' policy of UM/UIM coverage.") (citation omitted). As noted, ORS § 742.504 provides in relevant part:

> Every policy required to provide the coverage specified in ORS 742.502 shall provide uninsured motorist *coverage* that *in each instance* is no less favorable *in any respect* to the insured or the beneficiary than if the following provisions were set forth in the policy.

(emphasis added). The statute goes on to set out a comprehensive model policy. *Id.* Although insurers may alter or add terms to the coverage authorized under that section, any provision that is less favorable than the coverage outlined in ORS § 742.504 is unenforceable. *Vega*, 323 Or. at 302.

Courts interpreting Oregon statutes—such as ORS § 742.504 here—apply the familiar interpretative framework set out in *PGE v. Bureau of Labor and Indus.*, 317 Or. 606, 610–12 (1993), *as modified by State v. Gaines*, 346 Or. 160, 171–72 (2009); *see also* ORS § 174.020. First, the Court examines the text and the context of the statute. *Gaines*, 346 Or. at 171 (citing *PGE*, 317 Or. at 610–11). At this step, the Oregon Legislature has instructed that courts may not "insert what has been omitted" nor "omit what has been inserted." ORS § 174.010. Next, the parties are "free to proffer legislative history to the court, and the court will consult it after examining the text and context, even if the court does not perceive an ambiguity in the statute's text, where that legislative history appears useful to the court's analysis." *Gaines*, 346 Or. at 172. Finally, "[i]f the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Id.*

## II.    Analysis

Plaintiff asserts that the exclusion invoked by State Farm is unenforceable because the exclusion denies coverage in situations where the model policy would otherwise mandate coverage. Plaintiff contends that the phrase "in any respect" in ORS § 742.504 should be construed to mean that a provision is less favorable if, during the policy period, an insured receives less coverage than they otherwise would under the model policy.

State Farm asserts that the exclusion is "virtually identical to the statutory exclusion found in the model UM policy at ORS 743.504(4)(b)." Def.'s Mot. 5. State Farm further argues that the "in each instance is no less favorable in any respect to the insured" language refers to coverage for a particular *claim* and that for a policy to be "less favorable" it must directly involve the specific facts in a lawsuit for the exclusion to be ruled unenforceable. In essence, State Farm contends that

for an insured to receive less favorable coverage, the insured's specific claim must directly implicate the portion of the policy they claim results in "less favorable" coverage than they would receive under the model policy.

Plaintiff counters that the phrase "in each instance" does not relate to a specific claim filed under the policy. Rather, Plaintiff asserts, "in each instance" relates to "coverage" and that "coverage" has a broader meaning than "claim" such that an insurer's failure to provide coverage that is at least as favorable as that in the model policy renders such a provision unenforceable.

A careful examination of the statutory text and context makes unambiguously clear that the Oregon Legislature's use of the word "instance" relates to coverage and not to a specific claim arising out of a covered incident. A review of the grammatical structure of the statutory sentence explains why. *See State v. Simonov*, 358 Or. 531, 546, 368 P.3d 11, 19–20 (2016) ("The grammatical role of each of the phrases in that provision is telling."); *see also State v. Webb*, 324 Or. 380, 389 (1996) (applying "common grammatical rules" to give meaning to statutory text).

"Every policy" is the subject of the sentence, and "provide," as used here, is a transitive verb. *See* William Strunk Jr., *The Elements of Style* 95 (4th ed 2000) (defining transitive verb as a "verb that requires a direct object to complete its meaning"). The phrase "uninsured motorist coverage" is the direct object of the sentence because it "receives the action of [the] transitive verb." *Id.* at 91. State Farm would have this Court either read the word "claim" into the statute or define "coverage" to include a distinct claim arising out of a covered incident into the meaning of "coverage." Either proposition is untenable in light of the statute's clear and unambiguous language and grammatical structure.

The sentence goes on to provide "that in each instance" of coverage, that coverage may be "no less favorable in *any respect* to the insured than if the following provisions were set forth in

the policy." ORS § 742.504.[1] Consequently, the plain text of the statute calls for a comparison of the entire policy, including exclusions, with the model policy and prohibits instances of "less favorable coverage." *See also Smith v. GuideOne Mut. Ins. Co.*, 336 F. App'x 607, 609 (9th Cir. 2009) ("To determine if a provision disfavors insureds, *Vega* requires a broad comparison of the general coverage under the model provisions with the challenged policy—merely examining whether the claimant would recover under each policy based on the particular facts is not determinative. Any [policy] provisions that are less favorable to an insured than [the model policy provisions] required under ORS 742.504(1) to (12) are unenforceable.") (citations omitted). As such, the Court next turns to whether the exclusion at issue provided Plaintiff less favorable coverage during the life of her policy.

"The greatest distinction in the terms between the policy and the statute is that the policy exclusion does not apply to 'Your Car' or a 'Newly Acquired Car,' whereas the statutorily permissible exclusion does not apply to 'an insured vehicle.'" Pl.'s Opp'n 12. The model policy defines "insured vehicle" as:

> (A) The vehicle described in the policy or a newly acquired or substitute vehicle, as each of those terms is defined in the public liability coverage of the policy, insured under the public liability provisions of the policy; or
>
> B) A nonowned vehicle operated by the named insured or spouse if a resident of the same household, provided that the actual use thereof is with the permission of the owner of the vehicle and the vehicle is not owned by nor furnished for the regular or frequent use of the insured or any member of the same household.

---

[1] As used here, "any" means "one or some of whatever kind or sort." *See* Webster's Third New Int'l Dictionary 97 (unabridged ed 2002); *see also Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022) ("As this Court has repeatedly explained, the word 'any' has an expansive meaning.") (citations and quotation marks omitted). "Respect" means "a relation or reference to a particular thing or situation." *Id.* at 1934.

ORS § 742.504(2)(d)(A)–(B) (emphasis added).

As noted, the policy definitions describe "Your Car" and "Newly Acquired Vehicle" as "cars," which is defined to "mean[ ] a land motor vehicle with four or more wheels[.]" Joint Statement Agreed Facts ¶ 3, ECF No. 10 Ex. 2, ECF No. 10-2).

In contrast, ORS § 742.500(3)(a) defines "motor vehicle," for the purposes of ORS § 742.504, to mean "every self-propelled device in, upon or by which any person or property is or may be transported or drawn upon a public highway." Similarly, ORS § 742.504(2)(m) defines "Vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a public highway." The model policy thus mandates coverage for motorcycles, three-wheelers, cars, and trucks; whereas, under the definitions contained in the exclusion, Plaintiff would only have coverage for "a land motor vehicle with four or more wheels." As a result, Plaintiff received "less favorable" coverage during the life of the policy because she was entitled to coverage for "vehicles" under the model policy, but limited to coverage of only "a land motor vehicle with four or more wheels" under the language contained in the exclusion.

The exclusion also provides less favorable coverage because it fails to provide coverage to substitute vehicles as required by the model policy. Under ORS § 742.504(2)(d)(A), "insured vehicle" means the "vehicle described in the policy or a newly acquired or *substitute vehicle*[.]" The exclusion provides the required coverage for "Your Car" and a "Newly Acquired Car," but does not extend coverage to "substitute vehicles." Plaintiff therefore received "less favorable" coverage during the life of the policy because she was entitled to coverage for substitute vehicles under the model policy, but did not receive such coverage based on the language contained in the exclusion.

In sum, the Court concludes that the model policy mandates coverage in situations where the State Farm exclusion does not. As a result, based on a plain reading of ORS § 742.504, the exclusion invoked by State Farm here is unenforceable.

In *Erickson v. Farmers Ins. Co. of Or.*, the Oregon Supreme Court held that provisions of a policy were "unenforceable, because those provisions deny plaintiff coverage when the UM statutes mandate some coverage." 331 Or. 681, 687 (Or. 2001). In the underlying appellate case, the Court of Appeals reached the same conclusion. However, that court replaced the unenforceable exclusions with statutory language from ORS § 742.506. *Id.* In reversing the Court of Appeals, the Oregon Supreme Court explained that the insurer's decision to limit coverage in ways not contemplated under ORS § 742.504(1) to (12) renders the policy exclusion "unenforceable" in its entirety and "there [was] no reason to replace the unenforceable provisions that denied plaintiff coverage with the statutory provisions" that may also be used to deny plaintiff coverage. *Erickson*, 331 Or. at 687.

Here, because the exclusion provides less favorable coverage than the model policy it is unenforceable and must be severed from the policy. As a result, State Farm may not enforce the exclusion as to Plaintiff's claim.

//

//

//

//

//

//

//

## CONCLUSION

For the reasons above, Plaintiff's motion for summary judgment (ECF No. 11) is GRANTED; Defendant's motion for summary judgment (ECF No. 17) is DENIED; and Plaintiff's motion to certify a question to the Oregon Supreme Court (ECF No. 20) is DENIED as moot.

DATED this 6th day of February 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
